# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. WOSOTOWSKY,<br>                Plaintiff,<br><br>vs.<br><br>METLIFE INSURANCE CO., INC.;<br>METLIFE SECURITIES, INC.,<br>                Defendants. | ) <br>) Civil Action No. 12-1805<br>)<br>) Judge Joy Flowers Conti/<br>) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

    It is respectfully recommended that pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed before being served upon the Defendants because the Complaint fails to state a claim upon which relief can be granted.

### II. REPORT

    John D. Wosotowsky ("Plaintiff") is currently incarcerated in the United States Penitentiary at Hazleton, which is located in Preston County, West Virginia. Plaintiff was convicted in the United States District Court for the Western District of Pennsylvania for mail fraud and filing a false tax return. Plaintiff was a financial adviser who stole investment funds from his clients. He was an agent and employee of the Defendants, MetLife Insurance Company, Inc. and MetLife Securities, Inc. ("Defendants" or "MetLife"). Plaintiff has sued the Defendants for "negligent supervision." Essentially, Plaintiff is complaining that Defendants failed to supervise his sales and marketing activities and that this negligent supervision "greatly contributed to his fraud." Plaintiff seeks to invoke this Court's diversity jurisdiction, citing to 28 U.S.C. § 1332. ECF No. 1. However, Plaintiff fails to allege the citizenship of the parties

and thus, fails to state a claim under the Court's diversity of citizenship jurisdiction. Alternatively, even if he were to adequately allege the complete diversity of the parties, the two year statute of limitations bars this suit. In addition, the Pennsylvania legal doctrine of "*in pari delicto*" bars this suit. As such, the Complaint should be dismissed prior to being served pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA").

### A. RELEVANT PROCEDURAL AND FACTUAL HISTORY

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). The factual allegations at the heart of Plaintiff's Complaint are as follows.

Plaintiff worked as a stock broker and financial planner from 1984 to 2010. ECF No. 1-3 at 1. Plaintiff was employed by the Defendants as an agent and registered representative from September 11, 2000, until May 5, 2010. Apparently, Defendants terminated Plaintiff's employment on May 5, 2010. Plaintiff was indicted in October 2011. He later pleaded guilty to mail fraud and filing a false income tax return. On February 14, 2012, he was sentenced by Judge Maurice B. Cohill, Jr., of this Court to be imprisoned for a total term of ninety-seven (97) months.

Plaintiff alleges that during his employment with the Defendants, it was their responsibility to supervise him. He claims that if he was properly supervised, his fraud should have been detected much earlier. Plaintiff asserts a series of allegations against the Defendants. First, Plaintiff complains that during his employment with the Defendants, they conducted only "sporadic and improper audits," and that they caused confusion with compliance forms faxed to Plaintiff. Second, beginning in 2005, the Defendants permitted Plaintiff to work out of his home, in Monaca, Pennsylvania, rather than out of the Defendants' District Office, which is

2

located in Pittsburgh, resulting in very little face to face supervision of Plaintiff. ECF No. 1-1 at 1. Third, Plaintiff also complains that the Defendants were aware of Plaintiff's private company called "Equity I & R" through which Plaintiff perpetrated the fraud on his clients but that the Defendants did nothing to check on Equity I & R's operations until Plaintiff came under investigation of the authorities in May, 2010. ECF No. 1-1 at 1 to 2. Fourth, Plaintiff admits that in 2006, as part of his fraud, he changed the addresses of several of his victims to one central address in Cranberry, Pennsylvania, which Plaintiff controlled. Plaintiff complains that the Defendants were responsible for verifying the legitimacy of these address changes, and apparently did not. Id. at 2. Fifth, Plaintiff asserts that the Defendants reimbursed all of the victims of his fraud and, that during Plaintiff's criminal proceedings Defendants "did not contest there [sic] lack of supervision." Id. Sixth, Plaintiff also asserts that in May, 2010, he was diagnosed as a pathological gambler in addition to suffering from drug and alcohol addiction. Plaintiff complains that the Defendants should have known about Plaintiff's addictions but because of their allegedly negligent supervision, they did not. Id. Lastly, Plaintiff contends that "his lack of impulse control coupled with MetLife's [i.e., the Defendants'] indifference and negligent supervision caused an environment that greatly contributed to his fraud. . . . If properly supervised and observed[,] the fraud should have been detected years earlier and corrective action would have been taken." Id. As relief, Plaintiff demands from the Defendants "restitution [in the] amount of $2,218,292.37 plus damages and costs." Id.

## B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, the screening provisions of the PLRA apply. See 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. § 1915(e), to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F.App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F.App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions.").

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the Complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the

5

complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

### C. DISCUSSION

#### 1. Plaintiff fails to allege the requisite diversity of citizenship of the parties.

Plaintiff fails to allege his own citizenship, merely alleging his residency. ECF No. 1-1 at 1 (Plaintiff is a "resident of Monaca"). Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.24 (3d Cir. 2007) ("Domicile is what matters for the purposes of determining citizenship; residence is different: A difference between the concepts of residence and domicile has long been recognized."). Plaintiff also fails to specifically allege the citizenship of each Defendant. Because Plaintiff fails to allege the citizenship of all parties, this action, based, as it is, on diversity of citizenship should be dismissed. See, e.g., Kissi v. Gillespie, 348 F.App'x 704, 705 (3d Cir. 2009) ("A plaintiff invoking a federal court's diversity jurisdiction bears the burden of stating 'all parties' citizenships such that the existence of complete diversity can be confirmed.'") (quoting Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999)); Scott v. LTS Builders LLC, Civ. No. 1:CV-

6

10-581, 2010 WL 4530153, at *1 (M.D.Pa., Nov. 2, 2010) ("Since they are invoking our diversity jurisdiction, Plaintiffs have the burden of establishing it by alleging the citizenship of all parties.").

### 2. The Complaint is time-barred.

Even if Plaintiff could allege the complete diversity of citizenship as is required under 28 U.S.C. § 1332, the Complaint should still be dismissed because it is time-barred.

A federal district court may *sua sponte* raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint. See, e.g., Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Tate v. United States, 13 F.App'x 726 (9th Cir. 2001). As the United States Court of Appeals for the Third Circuit explained, a "federal court exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits, and substantive law includes statutes of limitations." McGowan v. Univ. of Scranton, 759 F.2d 287, 290 (3d Cir. 1985) (citations omitted). Pennsylvania's statute of limitations for negligent supervision claims is two years. See, e.g., Agere Systems Inc. v. Advanced Environmental Technology Corp., 552 F.Supp.2d 515, 523 (E.D. Pa. 2008) (statute of limitations in Pennsylvania for negligent supervision is two years) (citing Matthews v. Roman Catholic Diocese of Pittsburgh, 2004 WL 2526794, 67 Pa. D. & C.4th 393 (Pa.Com.Pl. 2004)); Toy v. Metropolitan Life Ins. Co., 863 A.2d 1, 14 (Pa.Super. 2004) (Pennsylvania statute of limitations for negligent supervision is two years), *aff'd*, 928 A.2d 186 (Pa. 2007). The statute of limitations requires that a complaint be filed within its time limits from the time a cause of action accrues. See Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

In the instant Complaint, Plaintiff alleges that the Defendants negligently supervised him while he was their employee. However, as set forth on the first page of the Complaint, Plaintiff was employed by the Defendants only from September 11, 2000 until May 5, 2010. ECF No. 1-1 at 1. Hence, the latest that the Defendants could have engaged in negligent supervision of Plaintiff and the latest date that Plaintiff's cause of action accrued, was May 5, 2010. Applying the two year statute of limitations, the latest that Plaintiff could have initiated an action for negligent supervision was May 5, 2012. Plaintiff's Complaint is deemed filed on December 6, 2012.

It should be noted that the Complaint makes clear that Plaintiff was aware, at the latest, in 2006, that the Defendants were allegedly supervising him in a negligent manner, when he changed the addresses of some clients without permission and that Defendants were "responsible for verifying the legitimacy of these changes" but that they did not, which then enabled Plaintiff to divert funds from the clients. ECF No. 1-1 at 2.

Even though Plaintiff had to know of the allegedly negligent supervision early on in his fraudulent activities and surely, he knew of such no later than the date of his termination on May 5, 2010, he did not "file" the current Complaint until, at the earliest, December 6, 2012, the date whereon he signed both his IFP application and his Complaint. See Cromwell v. Keane, 27 F.App'x 13 (2d Cir. 2001) (for prisoner mail box rule, a prisoner is deemed to file his pleading on the date which he hands it to prison officials for mailing; in the absence of evidence as to when this is, the court should deem the date whereon the prisoner signed his IFP application as the date whereon he handed his pleading to the prison officials). See also Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint

accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed *in forma pauperis* is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations."). Hence, Plaintiff's Complaint, deemed filed on December 6, 2012, is more than seven months beyond the applicable two-year statute of limitations for the last acts of negligent supervision that had occurred on May 5, 2010. Accordingly, the Complaint should be dismissed as it is time-barred on its face.

### 3. The Doctrine of "*In Pari Delicto*" Bars this Case.

In the alternative, even if this case is not time-barred and even assuming as true that the Defendants were negligent in supervising Plaintiff, the Pennsylvania legal doctrine of "*in pari delicto*" bars Plaintiff from bringing this action.

Under Pennsylvania law, the doctrine of "*in pari delicto*" "which literally means 'of equal fault,' is one of the common-law doctrines fashioned to assure that transgressors will not be allowed to profit from their own wrongdoing. Thus, a party is barred from recovering damages if his or her losses are substantially caused by activities in which the law forbade him or her to engage." Standard Pennsylvania Practice, § 79:11. This is a longstanding doctrine in Pennsylvania law. See, e.g., Slater v. Slater, 74 A.2d 179 (Pa. 1950).

This doctrine clearly bars Plaintiff's current case because, in order to succeed in his suit, Plaintiff must show that the acts of the Defendants caused him injury. Minnich v. Yost, 817 A.2d 538, 541 (Pa.Super. 2003) ("It is axiomatic that the elements of a negligence-based cause of action are a duty, a breach of that duty, a causal relationship between the breach and the resulting injury, and actual loss."). In this case, the injury that Plaintiff seeks to establish is that he was permitted or caused to engage in criminal behavior allegedly due to the negligent

9

supervision by the Defendants. ECF No. 1-1 at 2 ("Mr. Wosotowsky contends that his lack of impulse control coupled with MetLife's indifference and negligent supervision caused an environment that greatly contributed to his fraud."). Pennsylvania law forbids Plaintiff from maintaining such an action. As the Pennsylvania Supreme Court explained: "if he [plaintiff] cannot prove his case without showing he has broken the law or participated in a fraudulent transaction, the court will not assist him." Slater v. Slater, 74 A.2d at 181. Here, Plaintiff cannot prove his case of negligent supervision, without proving he engaged in fraud. Accordingly, this case must be dismissed because under the Pennsylvania doctrine of *in pari delicto*, Plaintiff is barred from bringing this suit as "the court will not assist him." Id.

### III. CONCLUSION

For the foregoing reasons, the Complaint should be dismissed pre-service for failure to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right

to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                            Respectfully submitted,

                                            s/Maureen P. Kelly
                                            MAUREEN P. KELLY
                                            UNITED STATES MAGISTRATE JUDGE

Date:    March 11, 2013

cc:      The Honorable Joy Flowers Conti
         United States District Judge

         John D. Wosotowsky
         33179-068
         USP Hazelton
         P.O. Box 2000
         Bruceton Mills, WV 26525