IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. WOSOTOWSKY, ) | |
| Plaintiff, ) | Civil Action No. 12-1805 |
| ) | |
| vs. ) | Judge Joy Flowers Conti/ |
| ) | Magistrate Judge Maureen P. Kelly |
| METLIFE INSURANCE CO., INC.; ) | |
| METLIFE SECURITIES, INC., ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

The above-captioned prisoner civil rights complaint (the "Complaint") filed by plaintiff John D. Wosotowsky ("Plaintiff") was received by the Clerk of Court on December 10, 2012, and was ultimately referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules of Court, regarding magistrate judges.

The magistrate judge's Report and Recommendation (the "Report"), ECF No. 4, filed on March 11, 2013, recommended that Plaintiff's Complaint be dismissed for failure to state a claim pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA"). Service was made on Plaintiff at his address of record. On March 29, 2013, Plaintiff filed what he termed "Reply Brief," which the court will treat as objections. ECF No. 7. Those objections will be addressed.

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 674–75 (1980). The court may accept, reject, or modify, in whole or in

part, the magistrate judge's proposed findings or recommendations.  Id.  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. Raddatz, 447 U.S. at 674–75; see Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In this case, the Report correctly noted that Plaintiff failed to allege properly the citizenship of all the parties in order to invoke this court's diversity jurisdiction.  Plaintiff showed he could cure this failure in his objections.   ECF No. 7 at 4.  Nevertheless, the Report was correct that the Complaint failed to state a claim upon which relief can be granted even apart from Plaintiff's failure to allege properly the citizenship of all the parties.

## I.   The Complaint is Time-Barred.

The Report found that Plaintiff's claims of negligent supervision were time-barred under the applicable two-year statute of limitations.  ECF No. 4 at 7 to 9.  In an effort to save his Complaint, Plaintiff claims that he was entitled to the benefit of Pennsylvania's so-called discovery rule in order to toll the statute of limitations.  ECF No. 7 at 5.  Plaintiff's invocation of the discovery rule does not save his Complaint.

The discovery rule serves to toll equitably the running of the statute of limitations.  See O'Kelly v. Dawson, 62 A.3d 414, 423 (Pa.Super.Ct. 2013).  "Pennsylvania law requires strict application of the limitations period, allowing equitable tolling under the 'discovery rule' only when the injured party is unable to know of the injury or its cause, despite the exercise of reasonable diligence."  Id. (emphasis added).  The Pennsylvania discovery rule provides that

> when a court is presented with the assertion of the discovery rule[']s application, it must address the ability of the damaged party, exercising reasonable diligence, to

> ascertain that he has been injured and by what cause. Since this question involves a factual determination as to whether a party was able, in the exercise of reasonable diligence, to know of his injury and its cause, ordinarily, a jury is to decide it. Where, however, reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law.

Fine v. Checcio, 870 A.2d 850, 858-59 (Pa. 2005)(citations omitted).  The Pennsylvania Supreme Court has recognized that "the party asserting application of the discovery rule bears the burden of proof, and Pennsylvania courts have not hesitated, where appropriate, to find as a matter of law that a party has not used reasonable diligence in ascertaining his or her injury and its cause, thus barring the party from asserting his or her claim under the discovery rule." Gleason v. Borough of Moosic, 15 A.3d 479, 485-86 (Pa. 2011)(citations omitted).

The Report correctly adhered to Pennsylvania law when the magistrate judge commented:

> It should be noted that the Complaint makes clear that Plaintiff was aware, at the latest, in 2006, that the Defendants were allegedly supervising him in a negligent manner, when he changed the addresses of some clients without permission and that Defendants were "responsible for verifying the legitimacy of these changes" but that they did not, which then enabled Plaintiff to divert funds from the clients. ECF No. 1-1 at 2.
> Even though Plaintiff had to know of the allegedly negligent supervision early on in his fraudulent activities and surely, he knew of such no later than the date of his termination on May 5, 2010 [he failed to file within two years after May 5, 2010.]

Report, ECF No. 4 at 8.  It is clear that Plaintiff, in the exercise of reasonable diligence, knew or should have known no later than May 5, 2010, that Metlife Insurance Co., Inc. and Metlife Securities, Inc. ("Defendants") had allegedly injured him by their purported negligent

3

supervision. Under those circumstances, Plaintiff's failure to file the Complaint in a timely manner was due to his failure to exercise reasonable diligence as a matter of law.

Notwithstanding the finding in the Report, Plaintiff argues that "[t]he record shows that Mr. Wosotowsky was not aware as to the magnitude of the defendants['] negligence until his change of plea hearing on October 6, 2011. At that time the Prosecutor and judge allocated the exact charges and the exact restitution amount payable [by the Plaintiff] to the defendant[s] because they reimbursed the victims. The plaintiff was not aware of these amounts and judgments before this time. . . ." ECF No. 7.

This argument is unavailing under the Pennsylvania discovery rule because the discovery rule does not toll the statute of limitations until such time as the injured party realizes the extent of the injury or, in Plaintiff's words the "magnitude", but only until such time as the injured party knew or should have known that he was injured and that another was the cause of the injury. See, e.g., Gleason v. Borough of Moosic, 15 A.3d 479, 484 (Pa. 2011) ("The commencement of the limitations period is grounded on 'inquiry notice' that is tied to 'actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause."). In the Report the magistrate judge correctly concluded that, no later than May 5, 2010, Plaintiff knew, or should have known with reasonable diligence, of the fact of his injury and its cause. That he did not know of the magnitude of the injury or the extent of the amount of restitution is of no significance under Pennsylvania's discovery rule.

Plaintiff argues in his objections that even after May 5, 2010, Plaintiff continued to be "licensed" with Defendants as a broker. ECF No. 7 at 5. In the Complaint Plaintiff, however,

4

alleges he was terminated from employment with Defendants as of May 5, 2010, see Complaint, ECF No. 3 at 1 (alleging dates of employment with Defendants).  Any duty owed by Defendants to Plaintiff to supervise him was also terminated on May 5, 2010, even if there remained a duty on the part of the Defendants to others given that Plaintiff was allegedly still licensed with the Defendants for some unspecified period after May 5, 2010.  Plaintiff's pleading of mental infirmity in the form of being diagnosed with "impulse control disorder" i.e., a compulsive gambler, ECF No. 7 at 6, does not warrant any further equitable tolling.  While such a diagnosis may have impaired his ability to control his actions vis-à-vis his gambling, Plaintiff alleges nothing that would explain how this impulse control disorder interfered with his ability to recognize at least by May 5, 2010, that he had allegedly been injured by Defendants' supposed negligent supervision, which apparently permitted Plaintiff to commit his fraud.

Accordingly, the recommendation in the Report that the Complaint was time-barred is correct.

## II. The Complaint, as Proposed to be Amended by the Objections, Fails to State a Federal Law Claim.

In the Complaint, Plaintiff relied solely on diversity of citizenship and a state law claim of negligent supervision.  In an effort to save his Complaint, Plaintiff now seeks to invoke this court's federal question jurisdiction under 15 U.S.C. §78t(a).  ECF No. 7 at 4.  Plaintiff's attempt fails.  At the time of Plaintiff's fraudulent acts, which ended around May 2010, § 78t(a) provided as follows:

> Every person who, directly or indirectly, controls any person liable
> under any provision of this chapter or of any rule or regulation
> thereunder shall also be liable jointly and severally with and to the
> same extent as such controlled person to any person to whom such

> controlled person is liable . . . unless the controlling person acted in
> good faith and did not directly or indirectly induce the act or acts
> constituting the violation or cause of action.[1]

In this same vein, Plaintiff argued that Defendants were liable under § 20(a) of the Securities Exchange Act of 1934[2] for the Plaintiff's violation of the Securities Exchange Commission Rule 10b-5.  ECF No. 7 at 6.

It is clear that the plain language of the statute prohibits Plaintiff from stating a claim against Defendants because Defendants as the "controlling person" within the statute are liable under the terms of the statute "jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person [i.e., Plaintiff] is liable[.]" Plaintiff seeks to render Defendants liable to him under the statute because he, as the "controlled person" cannot be liable to himself.  The Defendants, as the controlling persons, however, cannot be made liable to Plaintiff either since they are liable to Plaintiff only "to the same extent as" Plaintiff is liable to Plaintiff, a legal impossibility.  Cf. Arch Ins. Co. v. Carol & Dave's Roadhouse, Inc., No. 2:11–cv–801, 2011 WL 4498963, at *1 (W.D.Pa., Sept. 27, 2011) ("an individual cannot be liable in tort to himself").  Accordingly, Plaintiff's belated invocation of this court's federal question jurisdiction cannot save Plaintiff's Complaint from failing to state a claim upon which relief can be granted.

---

[1] Section 78t(a) was amended in 2010 by Pub.L. 111-203, § 929P(c), which inserted "(including to the Commission in any action brought under paragraph (1) or (3) of section 78u(d) of this title)" after "controlled person is liable." See Historical and Statutory Notes following 15 U.S.C. §78t.

[2] This reference to § 20(a) of the Securities Exchange Act of 1934 is simply a reference to 15 U.S.C. § 78t(a). Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 301 n.1 (1985) ("Bateman Eichler's liability was premised on its status as a 'controlling person' of Lazzaro within the meaning of § 20(a) of the Securities Exchange Act of 1934, 48 Stat. 899, 15 U.S.C. § 78t(a).").

Accordingly, after *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

**AND NOW**, this 19th day of April, 2013;

**IT IS HEREBY ORDERED** that the Complaint is dismissed pursuant to the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Report and Recommendation, ECF No. 4, filed on March 11, 2013, by Magistrate Judge Kelly, is adopted as the opinion of the court, except to the extent that the Report relied upon Plaintiff's failure to allege properly the citizenship of all the parties because Plaintiff showed he could cure this defect in his objections. The Clerk is to mark the case closed. Any further amendment of the Complaint would be futile.

Lastly, the Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

Date:  April 19, 2013               /s/ Joy Flowers Conti
                                    JOY FLOWERS CONTI
                                    UNITED STATES DISTRICT JUDGE

cc:    Maureen P. Kelly
       United States Magistrate Judge

       John D. Wosotowsky
       33179-068
       USP Hazelton
       P.O. Box 2000
       Bruceton Mills, WV 26525