IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. WOSOTOWSKY, | ) | |
| Plaintiff, | ) | Civil Action No. 12-1805 |
| | ) | |
| v. | ) | |
| | ) | |
| METLIFE INSURANCE CO., INC.; | ) | |
| METLIFE SECURITIES, INC., | ) | |
| Defendants. | ) | Re: ECF No. 10 |

**MEMORANDUM OPINION**

CONTI, Chief District Judge

## I. Introduction

Plaintiff John D. Wosotowsky ("Plaintiff") is currently incarcerated in the United States Penitentiary at Hazleton, which is located in Preston County, West Virginia. Plaintiff was convicted in the United States District Court for the Western District of Pennsylvania for mail fraud and filing a false tax return. Plaintiff was a financial adviser who stole investment funds from his clients. He was an agent and employee of the defendants MetLife Insurance Company, Inc., and MetLife Securities, Inc. ("Defendants"). Plaintiff sued the Defendants for "negligent supervision." Essentially, Plaintiff is complaining that Defendants failed to supervise his sales and marketing activities and that this negligent supervision greatly contributed to his fraud. The court dismissed the complaint in an Order filed on April 19, 2013. Plaintiff filed a Notification of Instant Appeal in Rejoinder to Court Memorandum Order Under § 1983. (ECF No. 10.) In addition to an appeal directed toward the United States Court of Appeals for the Third Circuit, this document contains what this court discerns to be motions for reconsideration, recusal, and change of venue. For the reasons that follow, the court will deny these motions.

## II. Background

Plaintiff is proceeding pro se and was granted in forma pauperis status. (ECF No. 2.) This case was referred to a magistrate judge for pretrial proceedings in accordance with local rules. Because Plaintiff was a prisoner who filed a civil action, the magistrate judge conducted a screening of Plaintiff's complaint pursuant to the requirements of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The magistrate judge issued a Report and Recommendation (the "Report"), (ECF No. 4), filed on March 11, 2013, wherein she noted, pursuant to 28 U.S.C. § 1915(e), that the court was required to conduct a screening of the complaint and quoted § 1915(e) of the PLRA as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Report, ECF No. 4 at 4.)

The Report noted initially that the complaint stated merely a state law claim of "negligent supervision" and that Plaintiff invoked this court's jurisdiction based upon diversity of citizenship between the two Defendants and him. The Report went on to recommend that Plaintiff's complaint be dismissed for failure to state a claim on three separate and independent grounds.

First, the Report found that Plaintiff's complaint explicitly relied upon diversity of citizenship as the jurisdictional basis of the complaint and the Report concluded that because Plaintiff failed to allege properly the citizenship of all the parties in order to invoke this court's diversity jurisdiction, the

complaint failed to state a claim upon which relief could be granted. (Report, ECF No. 4 at 6–7.)

Second, the Report found that Plaintiff's complaint was time barred because he knew or should have known in the exercise of reasonable diligence that Defendants were negligently supervising him, leading to him engaging in fraud, no later than May 5, 2010, when he was fired by Defendants. (Report, ECF No. 4 at 7–9.) The Report found that the earliest Plaintiff could be deemed to have filed the complaint was December 6, 2012, more than two years after May 5, 2010, when Plaintiff knew or should have known that he was injured by the alleged negligent supervision of Defendants.

Third, the Report found that the Pennsylvania legal doctrine of *in pari delicto* barred Plaintiff's claim. (Report, ECF No. 4 at 9–10.)

Plaintiff filed what he entitled a "Reply Brief" which the court treated as objections to the Report. (ECF No. 7.) In his Objections, Plaintiff cured his failure to allege properly the diversity of the citizenship of each party. Over his objections, this court adopted the Report, except to the extent that the Report relied upon Plaintiff's failure to allege properly diversity of citizenship. (ECF No. 9.)

In the memorandum order adopting the Report, this court rejected Plaintiff's invocation of the discovery rule so as to save his complaint from being time barred and found that Plaintiff, in the exercise of reasonable diligence knew or should have known of his injury no later than May 5, 2010. (ECF No. 9 at 2–5.) This court rejected his attempt to use his alleged mental infirmity of "impulse control disorder," arguably for being a compulsive gambler, to equitably toll the statute of limitations, noting that "[w]hile such a diagnosis may have impaired his ability to control his actions vis-à-vis his gambling, Plaintiff alleges nothing that would explain how this impulse control disorder

3

interfered with his ability to recognize at least by May 5, 2010, that he had allegedly been injured by Defendants' supposed negligent supervision, which apparently permitted Plaintiff to commit his fraud." (ECF No. 9 at 5.)

This court also noted that in his objections, Plaintiff attempted to amend his complaint so as to change the jurisdictional basis of his complaint from merely diversity of jurisdiction to a federal question claim under 15 U.S.C. §78t(a). This court considered the objections to be in effect an attempt to amend the complaint to add this claim and addressed the claim as if it were part of the complaint. This court, however, found that Plaintiff failed to state a claim under 15 U.S.C. §78t(a) upon which relief could be granted. This court explained that under §78t(a), Defendants can be liable to Plaintiff only to the extent that Plaintiff can be liable to Plaintiff, and because Plaintiff cannot be liable to himself, neither can Defendants be liable to him.

In the memorandum order, this court specifically concluded that any further attempt to amend the complaint would be futile and dismissed the complaint, along with its effective amendments wrought by the objections, for failure to state a claim upon which relief can be granted.

Plaintiff next filed a Notification of Instant Appeal in Rejoinder to Court Memorandum Order Under § 1983 (ECF No. 10.), which this court discerns to include a motion for reconsideration, a motion to recuse, and a motion for change of venue. Each motion will be addressed.

### III. Discussion

#### A. *Motion to Reconsider*

A motion to reconsider "must rely on at least one of three grounds: 1) an intervening change in controlling law, 2) the availability of new evidence not previously available, or 3) the need to correct a clear error of law or prevent manifest injustice." *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 313–

14 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994). By reason of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). With respect to the third ground, litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" *Waye*, 846 F. Supp. at 314 n.3 (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Motions for reconsideration should not relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant sooner. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993) *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

Plaintiff's motion for reconsideration appears to only challenge the court's order with respect to the third ground, i.e. to correct a clear error of law or prevent manifest injustice.

Plaintiff's motion for reconsideration is lengthy and not well organized, but the court will attempt to address his complaints in a logical order. His most fundamental objections are threefold.

First, he complains that the PLRA does not apply to him and he objects that the court screened his complaint. Plaintiff argues that "nothing can be construed as broaching the subject of 'prison conditions,'" and, therefore, the PLRA is inapposite. (ECF No. 10 at 5.) As the Report clearly explained, 28 U.S.C. §1915(e) as amended by the PLRA applies to prisoners who are granted in forma pauperis status. Plaintiff is such a prisoner who has been granted pauper status.

Plaintiff complains that the court conducted its screening of his complaint, rather than allow the normal course of litigation to ensue. (ECF No. 10 at 3–4.) Plaintiff's complaint is addressed to the wrong branch of government. Congress mandated courts to screen complaints such as Plaintiff filed. This court has no discretion to ignore congressional statutes. Hence, Plaintiff's dissatisfaction with the screening obligation must be addressed to and remedied by Congress.

Second, Plaintiff seems to complain that he was not aware that monies would be deducted from his inmate account if he were granted pauper status. (ECF No. 10 at 2.) Plaintiff complains "how does this court support billing an indigent person . . . a filing fee in installments withdrawn from a lean prison account used as a source for survival while imprisoned?" (*Id.*) Again, payment in installments is required by the PLRA. 28 U.S.C. § 1915(3). Plaintiff's remedy for such a requirement does not lie with the court but with Congress. As for continuing the payments even after dismissing the suit, (ECF No. 10 at 2–3), again, this is what the statute requires. 28 U.S.C. § 1915(b)(2) ("[T]he prisoner shall be required to make monthly payments . . . until the filing fees are paid.").

Third, Plaintiff argues at length against the conclusion that the statute of limitations bars this action. (ECF No. 10 at 6–7.) Even if this court were to agree for the sake of argument, Plaintiff utterly fails to argue against the other independent ground of dismissal, namely the doctrine of *in pari delicto*. Accordingly, even if he were right about his statute of limitations argument, a conclusion this court specifically rejects, his complaint would still be properly dismissed based upon *in pari delicto*.

Plaintiff also complains about this court certifying that any appeal from the court's dismissal of his complaint would not be taken in good faith for reasons apparent from the order and the Report. (ECF No. 10 at 1.) The court did not err in doing so and Plaintiff fails to carry his burden to show otherwise.

Plaintiff may be mistaken about the significance of this certification pursuant to 28 U.S.C. § 1915. It simply means that Plaintiff must seek leave in the court of appeals to proceed in forma pauperis there and cannot seek leave in this court to appeal in forma pauperis. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997) (holding that after the district court certifies that an appeal would not be taken in good faith, "the appellant either may pay the full filing fee and any relevant costs and proceed on appeal for plenary review, or contest the certification decision by filing a motion for leave to proceed IFP with the court of appeals").

### B. *Motion for Recusal*

Plaintiff also complains that in conducting its obligatory screening of the complaint pursuant to the PLRA, the court is not being "neutral." He suggests that this court is prejudiced against him. (ECF No. 10 at 8 ("[B]ased on the legal fact that this Court has now formed an opinion translated into court order for dismissal, prejudice may preclude this court from continuing with jurisdiction in this matter.").) To the extent that Plaintiff intends this statement to be a motion to have this court recuse itself, the court declines to recuse itself.

Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias." *In re Prudential Ins. Co. Am. Sales Practices Ligit.*, 148 F.3d 283, 343 (3d Cir. 1998). A recusal motion must assert "objective facts" that demonstrate "an appearance of impropriety." *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989). The standard for recusal is whether "'a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (quoting *In re Prudential*, 148 F.3d at 343). For recusal to be

warranted, the bias or prejudice must be extrajudicial. *Id.* "'[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see In re Shimer*, 215 F. App'x 149 (3d Cir. 2007) ("Shimer does not rely on any extra-judicial partiality (i.e., on arising from something other than events occurring during judicial proceedings).").

The only allegation made by Plaintiff is that the court, pursuant to its statutory obligation to screen the complaint, found that the complaint fails to state a claim upon which relief can be granted after affording him many opportunities to show why this was not the case. Plaintiff's showing herein is simply insufficient to merit recusal. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.").

### C. Motion for Change of Venue

To the extent that Plaintiff seeks to have this case transferred to a different venue, (ECF No. 10 at 8 ("it is requested this court transfer jurisdiction to the district court in West Virginia")), such request must be denied, as venue is proper in this district, where Plaintiff's fraud and Defendant's alleged negligent supervision occurred. 28 U.S.C. § 1391(b) (providing that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"); *see Phoenix Container v. Samarah*, 69 F. App'x 42, 43 (3d Cir. 2003) (affirming the denial of motions to transfer venue on this ground).

## IV. Conclusion

For the reasons discussed above, Plaintiff's motions for reconsideration, recusal, and change of venue will be denied. An appropriate order will be entered.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

Dated: November 1, 2013

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

John D. Wosotowsky
33179-068
USP Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525